**EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Plaintiff-Appellant,**

v.

**ST. LOUIS AND SAN FRANCISCO RAILROAD, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section.

Jan. 26, 1972.

Lionel W. Mahoney, Abe L. Roberts, Memphis, for plaintiff-appellant.

William S. Solmson, Canada, Russell & Turner, Memphis, for defendant-appellee.

CARNEY, Presiding Judge.

The original plaintiff, Employers Liability Assurance Corporation, has appealed from a judgment of the Trial Court, without a jury, denying plaintiff's claim for recovery of $398.00 by way of subrogation against the St. Louis & San Francisco Railroad. Richard Woods, an employee of Unagusta Manufacturing Corporation, was injured by the alleged negligence of defendant St. Louis & San Francisco Railroad during the course of his employment and the plaintiff Employers Liability Assurance Corporation as carrier for Unagusta began paying him workmen's compensation. On September 16, 1969, while Employers Liability was still paying workmen's compensation benefits, the defendant St. Louis & San Francisco Railroad paid Richard Woods $800.00 and received therefor a common law release from all liability.

On October 29, 1969, after Employers Liability had ceased to pay Woods workmen's compensation, they notified the defendant St. Louis & San Francisco Railroad that they were claiming subrogation rights on Woods' compensation payments under the authority of T.C.A. Section 50–914.

Section 50–914 authorizes a workman to collect workmen's compensation payments without detriment to his right to proceed at law by action in tort against the tort feasor. The act further provides that the employer shall have a subrogation lien against recovery by the workman to the amount of workmen's compensation payments paid to the workman. The act further provides that the employer shall have a credit against future compensation payments for all sums collected by the employee over and above payments already received.

While the employer under 50–914 is given the right to intervene in a suit by the workman against the tort feasor, the act does not give the employer an independent right of action against the tort feasor unless the workman has failed to bring his action within one year after his injury in which event the employer is entitled to bring an independent suit against the tort feasor within six months after the year has expired.

A study of the act reveals that the Legislature contemplated that a workman might legally make a settlement with the tort feasor without suit or before intervention by the employer in a suit. We think the following language from the act so indicates:

". . . Provided further, however, that in event the workman, or those to whom his right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement, or otherwise, without intervention by the employer, the employer shall, nevertheless, be entitled to a credit on his future liability for workmen's compensation, as it accrues under chapters 9 through 12 of this title, to the extent of said net recovery."

The preponderance of the proof in this case is that the insurance carrier for the employer gave no notice of its claim to the defendant Railroad until after the settlement had been made between the Railroad and the workman, Woods, and that the Railroad had no actual knowledge of plaintiff's compensation payments or of its claim for subrogation under 50–914. Under these facts we hold that His Honor the Trial Judge correctly dismissed plaintiff's suit against the Railroad.

The judgment of the lower Court is affirmed and the costs taxed against the appellant.

MATHERNE, and NEARN, JJ., concur.